IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES CHADWICK** | : CIVIL ACTION |
| | : |
| v. | : NO. 21-3991 |
| | : |
| **NORFOLK SOUTHERN RAILWAY COMPANY** | : |
| | : |

<u>**MEMORANDUM**</u>

**SCHMEHL. J.   /s/ JLS**                                                                         February 20, 2024

      Plaintiff brought this action claiming that Defendant Norfolk Southern Railway Company ("Norfolk Southern") violated the Americans with Disabilities Act ("ADA"), the Rehabilitation Act ("RA") and the Pennsylvania Human Relations Act ("PHRA") when it allegedly: 1) medically disqualified him in 2020 from working as a locomotive engineer because of his vision and a seizure disorder (Count I); denied his request for a reasonable accommodation (Count II); and 3) retaliated against him for filing a charge of discrimination with the Equal Employment Opportunity Commission (Count III). He also claimed that Norfolk Southern medically disqualified him and did not offer any vocational assistance because of his age in violation of the Age Discrimination in Employment Act ("ADEA") (Count IV). Norfolk Southern filed a motion for summary judgment. In his Response in Opposition to Norfolk Southern's Motion for Summary Judgment, Plaintiff conceded his claims for retaliation (Count III) and age discrimination (Count IV). ECF 42 at p.1. Accordingly, the Court entered judgment in favor of Norfolk Southern on those claims. ECF 51. With respect to Count Two which asserted a claim against Norfolk Southern under the ADA for failure to make a reasonable accommodation, the Court noted in its Memorandum of July 10, 2023 that the parties had stipulated that Plaintiff

1

admitted during his deposition that he did not ask for or need an accommodation from Norfolk Southern and that Plaintiff admitted that his neurologist did not request an accommodation on Plaintiff's behalf. ECF 50 at p.21.  In addition, the Court noted that Plaintiff had not responded to Norfolk Southern's motion for summary judgment on Count Two. *Id.* For these reasons, the Court entered judgment in favor of Norfolk Southern and against Plaintiff on Count Two. ECF 51. As a result, only Count One remained.

In its Memorandum of July 10, 2023, the Court made a complete factual record, basing its factual findings on facts that had either been stipulated to by the parties or construed by the Court in the light most favorable to Plaintiff. ECF 50 at pp. 3-21.

Norfolk Southern's main argument in support of its motion for summary judgment was that Plaintiff had refused to comply with multiple requests from Norfolk Southern for updated diagnostic information regarding Plaintiff's vision and seizure disorder. Plaintiff had not provided Norfolk Southern with any updated medical information concerning his vision and seizure disorder since undergoing a Periodic Health Assessment ("PHA") in 2017. Although Plaintiff did undergo another PHA in July of 2020, Norfolk Southern claimed it needed more information from Plaintiff's neurologist before it could determine whether Plaintiff could perform the duties of his safety-sensitive job as a locomotive engineer, including the date of Plaintiff's last known seizure, any safety-impairing side effects Plaintiff may have experienced from his medication, and the likelihood of a recurrent seizure within six months to one year. Norfolk Southern requested this information in letters to Plaintiff dated July 27, 2020 and October 16, 2020.

The Court found that there was "no dispute that Norfolk Southern had every right to request additional medical documentation concerning Plaintiff's distance vision and history of seizures." ECF 50 at p. 23. The Court noted that the parties had stipulated that "in accordance with [Federal Railway Administration] regulations, engineers must undergo periodic medical reviews to maintain their certification" and that "no railroad shall certify a person as a qualified locomotive engineer for an interval of more than 36 months." *Id*.

Based on the undisputed record, the Court found that Plaintiff had repeatedly failed to provide updated diagnostic information concerning his vision and seizure disorder as requested by Norfolk Southern in its letters to Plaintiff dated July 27, 2020 and October 16, 2020.

Although the Court could have granted Norfolk Southern's motion for summary judgment on Count One at that time, the Court decided to give Plaintiff one last opportunity to comply with Norfolk Southern's request for updated diagnostic information. Therefore, the Court denied the motion for summary judgment without prejudice.

Following the issuance of the Court's Memorandum on July 10, 2023, the Plaintiff finally submitted the medical documentation that Norfolk Southern had been seeking since July of 2020. During a recent telephonic status conference, Norfolk Southern advised the Court that, subject to some administrative issues, it was in the process of clearing Plaintiff to return to his position as a locomotive engineer. Plaintiff, however, informed the Court that he still wished to pursue his claim that Norfolk Southern discriminated against him in violation of the ADA, RA and PHRA when it removed him

from service back in July of 2020. As a result, Norfolk Southern has renewed its motion for summary judgment and Plaintiff has responded.

"To establish a prima facie case of discrimination [under the ADA[1]], a plaintiff must show (1) that he is disabled within the meaning of the ADA, (2) that he is otherwise qualified for the job, with or without reasonable accommodations, and (3) that he was subjected to an adverse employment decision as a result of discrimination." *Sulima v.Tobyhanna Army Depot*, 602 F.3d 177, 185 (3d Cir. 2010); see also *Taylor v. Phoenixville Sch. Dist.,* 184 F.3d 296, 306 (3d Cir.1999).

Norfolk Southern does not challenge the first requirement, that plaintiff was disabled within the meaning of the ADA. Norfolk Southern argues that Plaintiff has failed to satisfy the remaining two requirements.

To fall within the protection of the ADA, a disabled plaintiff must be "qualified," and a plaintiff is not "qualified" unless he can perform the essential functions of the job with or without reasonable accommodations. *Sulima*, 602 F.3d at 185.

The Court found that Norfolk Southern had every right under FRA regulations to perform updated adequate medical evaluations of Plaintiff's vision and seizure disorder every three years to determine Plaintiff's fitness in July, 2020 for service in the safety-sensitive position of locomotive engineer. ECF 50 at pp. 27-28. Such requests were clearly job-related and consistent with business necessity. *Id*. The Court observed that Norfolk Southern has a "responsibility for public safety" and was "justified in requesting enough information for it to competently decide if it was safe for Plaintiff to operate one

---

[1] Claims brought under the ADA, PHRA and Rehabilitation Act are analyzed under the same standards for liability. See *Gibbs v. City of Pittsburgh*, 989 F.3d 226, 229 (3d Cir. 2021); *Colwell v. Rite Aid Corp.*, 602 F.3d 495, 499 n. 3 (3d Cir. 201).

of its locomotives." *Id*. at p. 28. The Court noted that even Plaintiff testified that Norfolk Southern was entitled to ask for additional information to determine his medical fitness relating to his vision and his seizure disorder. *Id*. at 27.

Because Plaintiff refused to fully and properly respond to Norfolk Southern's requests for current diagnostic information in its July 27, 2020 and October 16, 2020 letters, Norfolk Southern, through Norfolk Southern Health Services, was unable to determine if Plaintiff could safely operate a locomotive. Since Plaintiff did not provide updated diagnostic information in 2020, it is not possible for this Court to determine at this time whether Plaintiff could have performed his job as a locomotive engineer in July of 2020, with or without accommodation. Therefore, Plaintiff has not established a prima facie case of disability discrimination because he cannot show that he was otherwise qualified in July of 2020.

In addition, Plaintiff cannot satisfy the third requirement for a *prima facie* case of disability discrimination under the ADA, that he suffered an adverse employment decision as a result of discrimination. Norfolk Southern gave Plaintiff every opportunity in 2020 and thereafter to respond to its FRA-mandated requests for updated medical documentation by not medically disqualifying him. Instead, Norfolk Southern placed him on a "Medical Hold" until he provided updated diagnostic information concerning his vision and seizure disorder. See ECF 40-1, Deposition Transcript of J. Chadwick, at pp. 76:15-78:1. According to Norfolk Southern, "Medical hold is a temporary removal of an employee from active service by NSHS . . . pending receipt of medical information sufficient for NSHS to determine fitness-for-service." ECF 42-7, p.2 n.1. Plaintiff's Career Service Record as of September 21, 2021 indicated he was on a medical hold.

SOF at ¶ 27; See ECF 40-2, Career Service Record, at NORFOLK_00000425. Plaintiff admitted that nowhere in Dr. Litow's October 16, 2020 letter does Dr. Litow actually state that Plaintiff "could not return to work." See ECF 40-1, Deposition Transcript of J. Chadwick, at pp. 126:20-128:1; 153:10-154:18. As a result, the Court concluded that there was no evidence from which a reasonable jury could conclude that Plaintiff was medically disqualified by Norfolk Southern Health Services.  See ECF 50, at p. 22 ("[T]he record clearly reveals that Plaintiff was never actually medically disqualified from his position as a locomotive engineer"); *Id*. at p. 23 ("[T]here is no issue of material fact as to whether Plaintiff was medically disqualified. He clearly was not and instead placed on 'Medical Hold' pending receipt of further requested medical documentation as outlined in the July 27, 2020 and October 16, 2020 letters sent to Plaintiff from NSFS.").

Moreover, even if being placed on "Medical Hold" could somehow qualify as an adverse employment decision, Plaintiff has failed to show that such an adverse employment decision was the "result of discrimination." *Sulima*, 602 F. 3d at 185. Instead, the undisputed record reveals, that the decision was the result of Plaintiff's failure to comply with Norfolk Southern's FRA-mandated medical requests. Therefore, Plaintiff has also not satisfied the third requirement to establish a prima facie case of disability discrimination.

At all times, Plaintiff held the keys to his return to work. All he had to do was to comply with the requests for current medical and diagnostic information that Norfolk Southern had requested in its letters of July 27, 2020 and October 16, 2020.  Having failed for three years to do so, Plaintiff cannot now claim he was the victim of disability discrimination. The undisputed record reveals that Plaintiff has failed to satisfy the

**6**

second and third elements for a prima facie case of disability discrimination under the ADA. Since Plaintiff has failed to establish a *prima facie* case of disability discrimination under the ADA, judgment is entered in favor of the Norfolk Southern and against the Plaintiff on Count One.